IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TOMMY L GREEN, SR,

    Plaintiff,

v.                                        CASE NO. 4:14-cv-269-RH-GRJ

MICHAEL D CREWS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner presently incarcerated at Wakulla Correctional Institution, initiated this case by filing a *pro se* complaint under 42 U.S.C. § 1983. Defendants removed the case from state court, and Plaintiff subsequently filed an Amended Complaint, Doc. 8. Defendants have filed two motions to dismiss for failure to state a claim. (Docs. 9, 10.) Plaintiff has also filed a motion for reconsideration of his previous motion for injunctive relief. (Doc. 18.) Accordingly, the Court recommends that Defendants' motions to dismiss should be granted and Plaintiff's Amended Complaint should be dismissed for failure to state a claim.

### Plaintiff's Allegations

In Plaintiff's Amended Complaint he alleges:

A statute precluded prisoner(s) from filing and proceeding in state ct(s)
have been found unconstitutional, >e.g.> Holman v. Hilton, 712 F.2d 854
(3 Cir. 1983)....Under penalty of perjury, I swear the foregoing facts are
true, correct and complete." [*sic*]

Plaintiff next signs the Amended Complaint. He then continues by saying:

"Moreover, sanctions in immediate warrant of Daniel A. Johnson because a Justice George Sutherland aptly stated:> the goal of a prosecutor in their proceeding is not that it shall win a case, but that justice shall be done, as such, he/she is in a peculiar & very definite sense the servant of the law, the 2fold aim of which is that guilt shall not escape or innocence suffer.  He may prosecute with earnestness and vigor - indeed, he should do so.  But, while he make strike hard blows, he is not at liberty to strike foul ones.  It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one. > Heufrit U.S., 82 So.3d at 1044 n. 4,5; Berger v. U.S., 295 U.S. 78, 88, 66 S. Ct. 629, 79 L.Ed. 1314 (1935)." [*sic*]

Under Statement of Claims, Plaintiff writes "S.S. 9, 17 Fla. Const...Declaration of Rihgts; USCA Const....Amend 14."  Under Relief Requested, Plaintiff writes "None until I exhaust my state remedies.  Sanctions on Daniel A. Johnson > Fla. Bar # 0091175."

## Standard of Review

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that

"amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal*).

## Discussion

Defendants have filed two motions to dismiss for failure to state a claim. (Docs. 9, 10.) Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Plaintiff's amended complaint falls woefully short of alleging any type of cognizable claim under 42 U.S.C. § 1983. First, Plaintiff has not alleged any violations of federal law in the Amended Complaint. Rather, he refers to a statute[1] as invalidated and asks for sanctions for unspecified reasons upon Daniel A. Johnson, a Florida attorney, who is not named as a defendant in the Amended Complaint. Although the Court is well aware that the complaint of a *pro se* litigant must be construed liberally, even applying this liberal construction, the Court cannot divine any possible way that

---

[1]The Court presumes that the statute referenced is N.J. Stat. Ann. § 59:5-3, the statute invalidated in the case Plaintiff cites.

*Case No: 4:14-cv-269-RH-GRJ*

this Amended Complaint may be construed as containing a claim that the Defendants have violated federal law or the Constitution.

Additionally, the Amended Complaint does not suggest any causal connection between the facts alleged and any of the Defendants.  A section 1983 claim requires proof of an affirmative causal connection between an official's acts or omissions and the alleged constitutional deprivation.  *Zatler v. Wainwright*, 802 F.2d 397 (11th Cir. 1986).  Plaintiff does not mention any of the Defendants in his Amended Complaint, other than to list them as Defendants and thus has not alleged the necessary causal connection between the Defendants and an alleged deprivation of his constitutional or federal rights.

Finally, Plaintiff affirmatively states in his Amended Complaint that he is not seeking any relief.  Consequently, there is no "case or controversy" as required under Article III of the U.S. Constitution.  *Christian Coalition of Alabama v. Cole*, 355 F.3d 1288 (11th Cir. 2004).  Accordingly, Plaintiff's Amended Complaint is due to be dismissed for failure to state a claim upon which relief may be granted.

## Recommendation

Accordingly, it is respectfully **RECOMMENDED** that The Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) All Claims Against Defendants Dr. Ricardo Gaspard, Amy Kirkland, and Deborah Fogelman (Doc. 9) and Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 10) should be **GRANTED** and Plaintiff's Amended Complaint should  be **DISMISSED** pursuant to Fed. R. Civ. P

12(b)(6) for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 31st day of October 2014.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**